PAGODA TRADING CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83-11-01682

Before WATSON, *Judge.*

(Decided December 8, 1983)

*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*John J. Mahon,* Department of Justice) for defendant.

*Rode & Qualey* (*Michael S. O'Rourke,* of counsel) for plaintiff.

WATSON, *Judge*: Plaintiff started this action for declaratory judgment under 28 U.S.C. § 1581(h)[1] on November 23, 1983. Two days later it filed a motion for declaratory judgment and requested a hearing on December 7, 1983. On November 28th the government moved to strike the motions for declaratory judgment and expedited hearing. On November 29, 1983, the Footwear Group of the American Association of Exporters and Importers (the Footwear Group) filed a motion for leave to appear as *amicus curiae.* On December 2, plaintiff filed an opposition to defendant's motion to strike, moved to have the expedited hearing held on or before December 16th, and further moved to compel defendant to answer the complaint on or before December 14, 1983. On December 7th, plaintiff supplemented its motion for an expedited hearing with an affidavit from one of plaintiff's principals.

The most important point is that plaintiff is alleging irreparable injury from a ruling which affects footwear it wants to import into the United States. It further alleges the necessity of a speedy hearing. It has supported these allegations with a detailed affidavit from one of its principals. In this matter, the first step is to determine the necessity for an expedited hearing. On this question the government will be allowed until December 14, to raise any sub-

---

[1] Subsection (h) of section 1581 provides:

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling, relating to classification, valuation, rate of duty, marking, restricted merchandise, entry requirements, draw-backs, vessel repairs, or similar matters, but only if the party commencing the civil action demonstrates to the court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

It should be noted that Subsection (h) must be read in conjunction with 28 U.S.C. § 2643(4) which reads as follows:

In any civil action described in section 1581(h) of this title, the Court of International Trade may only order the appropriate declaratory relief.

stantive objections it may have to jurisdiction or to expedited hearing of the merits and the Court will hold a hearing on jurisdiction and the need for expedited treatment on that date. If, after that hearing, the Court finds that an expedited hearing on the merits is required, it will accelerate the time to answer and arrange for such further briefing or hearing as may be necessary.

For the moment, defendant's motion to strike is DENIED without prejudice. Plaintiff's motion for a hearing on or before December 16, 1983, is GRANTED to the extent that a hearing on the need for expedited disposition of the action and possible jurisdictional objections will be held on December 14, 1983.

Plaintiff's motion to compel an answer on or before December 14, 1983, is DENIED.